UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

June 13, 2016

**LETTER ORDER/OPINION**

Re:    **D.E. 27, Motion for Leave to File an Amended Complaint**
       **Love v. New Jersey Dep't of Corrections, et al.**
       **Civil Action No. 15-cv-3681 (SDW-SCM)**

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Lemont Love's ("Mr. Love")
motion for leave to file his amended complaint.[1] The Court has reviewed the parties' briefs and Mr.
Love's proposed amended complaint.[2] The proposed amended complaint will not cure the
deficiencies that caused this court to dismiss his claims without prejudice.  For the reasons set forth
herein, the Court **DENIES** Mr. Love's motion to amend.

I.      BACKGROUND AND PROCEDURAL HISTORY

*Pro se* prisoner, Lemont Love, alleges a violation of his constitutional rights based upon
claims that correctional officers opened and read his legal mail.[3] Mr. Love's proposed amended
complaint seeks to cure deficiencies that led the Court to dismiss his claims without prejudice.[4]

---

[1] (ECF Docket Entry No. ("D.E.") 27).

[2] (D.E. 30, Opposition Brief).

[3] (D.E. 1).

Mr. Love's initial complaint alleged that several correctional officers, including Defendant Sergeant Washington, opened a settlement check mailed to him by the County Board of Freeholders outside of his presence.[5] Mr. Love also alleged that on several occasions, Defendant Lieutenant St. Paul and other correctional officers read his legal mail and legal documents while he was in the law library without permission or cause.[6]

Lt. St. Paul and Sgt. Washington jointly, and Defendant Commissioner Gary Lanigan individually, moved to dismiss the action for failure to state a cognizable claim upon which relief can be granted.[7] In granting the motion, the Court held that Mr. Love failed to allege that the check was marked in any way to suggest that it was legal correspondence or that it originated from the courts.[8] The Court also held that Mr. Love's claims against Lt. St. Paul lacked specific details or factual allegations sufficient to be plausible.[9] Absent a legal mail claim regarding the check or the law library incidents, Mr. Love failed to establish a pattern or practice of legal mail tampering required to state a cognizable claim for relief.[10]

Mr. Love now seeks to amend his complaint to cure deficiencies that led the Court to dismiss the action without prejudice. In the proposed amended complaint, Mr. Love provides

---

[4] *Love v. New Jersey Dep't of Corr.*, No. CV 15-3681, 2016 WL 632226, at *6 (D.N.J. Feb. 17, 2016).

[5] *Id.*, at *1; (D.E. 1).

[6] *Id.*

[7] *See* (D.E. 14 and 19).

[8] *Love*, 2016 WL 632226, at *1, *5.

[9] *Id.* at *5.

[10] *Id.*

further details on the check.[11] He claims that the envelope containing the check bore a return address from the County of Middlesex and was identified as mail from the Middlesex County Prosecutor's Office.[12] Mr. Love also seeks to amend his complaint to provide details of incidents where Lt. St. Paul and other correctional officers read his legal mail without permission or cause.[13]

In one such instance, Mr. Love claims he received a manila envelope containing a finding in favor of his complaint in an unrelated matter.[14] The envelope was marked with a return address from the New Jersey State Government Records Counsel ("Records Counsel").[15] In that envelope, Mr. Love also placed a letter received from his attorney and an envelope with contents received from a deputy attorney general for two different matters.[16] The letter and the envelope both identified their respective sender.[17] Mr. Love claims that Lt. St. Paul opened the Records Counsel envelope containing these documents and letters and read the contents inside.[18]

---

[11] (D.E. 27).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* In describing this incident, Mr. Love seeks to allege that the Records Counsel envelope contained "loose papers" which Lt. St. Paul removed and handed to a corrections officer. It is unclear whether the "loose papers" consisted of, or were in addition to, the other items described inside the Records Counsel envelope. Without further details regarding what these loose papers were, the Court cannot address whether they constitute legal mail.

In a separate incident, Mr. Love alleges that Lt. St. Paul entered the law library and read his legal brief and defendant's motion to dismiss.[19] Mr. Love claims that the defendant's brief was in an envelope marked with a return address from a deputy Attorney General in the Department of Law and Public Safety.[20]

## II.    DISCUSSION

### A.    Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[21] A motion to amend is a non-dispositive motion.[22] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[23]

### B.    Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The federal rules liberally allow for amendments in light of the "principle that the purpose of pleading is

---

[19] (D.E. 27).

[20] *Id.* Mr. Love also seeks to add allegations that on several unspecified dates from January through April 2015, Lt. St. Paul entered the law library and read his, and other prisoners', legal mail. (D.E. 27). However, without providing specific details of these incidents, Mr. Love once again fails to allege sufficient facts to make his claims against Lt. St. Paul plausible. *See Love*, 2016 WL 632226, at *5.

[21] 28 U.S.C. § 636(b)(1)(A).

[22] L.Civ.R. 72.1(a)(1).

[23] 28 U.S.C. § 636(b)(1)(A).

to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.[24]

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court.[25] The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.[26]  The Third Circuit has often held that absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.[27]

"Futility" means that a proposed amendment to a pleading fails to state a claim upon which relief could be granted.[28] A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."[29] In determining whether an amendment is futile or "insufficient on its face," the Court employs the same standard that is applied under a Rule

---

[24] *Hayes v. Philadelphia Transp. Co.*, 312 F.2d 522, 523 (3d Cir. 1963) (internal quotations and citation omitted).

[25] *See Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations marks omitted).

[26] *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").

[27] *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotations and citations omitted).

[28] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[29] *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990). (internal citations and quotations marks omitted).

12(b)(6) motion to dismiss.[30]

Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face."[31] This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[32] On a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[33]

C.      Analysis

The central issue before the Court is whether Mr. Love's amended allegations regarding legal mail tampering state a plausible claim for relief. Courts have recognized an inmate's right not to have properly marked legal mail read outside his presence.[34] The Third Circuit has defined legal mail as "incoming attorney and court mail."[35] Generally, a pattern and practice of opening an inmate's legal

---

[30] *Burlington*, 114 F.3d at 1434.

[31] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d. Cir. 2016).

[32] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[33] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations and citations omitted.

[34] *Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011); *Duran v. Merline*, No. 07-3589, 2008 WL 9846824, at *9 (D.N.J. Mar. 11, 2008). *See also Jordan v. New Jersey Dep't of Corr.*, 881 F. Supp. 947, 953 (D.N.J. 1999); *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974).

[35] *Fontroy v. Beard*, 559 F.3d 173, 174 n.1 (3d Cir. 2009); *Love*, 2016 WL 632226, at *4 (and cases cited therein). Regulations concerning New Jersey state prisons indicate that incoming "legal correspondence" should be marked and clearly indicated outside of the envelope. N.J.A.C. 10A:31-1.3; N.J.A.C. 10A:31-19.7.

mail outside of his presence, or other tampering with his legal mail, is required to state a cognizable claim for relief for a violation of an inmate's right to use mail.[36] Thus, a solitary or isolated incident of interference with the mail fails to present a cognizable claim.[37]

Mr. Love's proposed pleading is futile.[38] Mr. Love seeks to amend his legal mail claims, which had been dismissed, by providing specific incidents where Lt. St. Paul and other correctional officers opened and read his mail without permission. Mr. Love also seeks to amend his complaint to provide further details regarding a settlement check opened outside his presence.

The instances of legal mail violations Mr. Love alleges in his proposed amended complaint do not plausibly establish a pattern of legal mail tampering. Mr. Love seeks to claim that Lt. St. Paul opened a manila envelope bearing a return address from the state Records Counsel.[39] Allegedly, the envelope contained a favorable Records Counsel finding, a letter from Mr. Love's attorney, and an envelope with contents mailed from a deputy Attorney General.[40] Mr. Love also seeks to claim that on a separate occasion, Lt. St. Paul opened an envelope bearing the return address of the Department of Law and Public Safety and read the enclosed legal brief.[41]

---

[36] *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (reaffirming *Bieregu v. Reno,* 59 F.3d 1445, 1458 (3d Cir.1995)); *Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012); *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006).

[37] *Id.*

[38] Plaintiff has not raised any arguments that would prompt questions of undue delay, substantial prejudice, or bad faith in the proposed amended complaint.

[39] (D.E. 27).

[40] *Id.*

[41] *Id.*

The items Mr. Love describes do not constitute properly marked legal mail. Courts have declined to consider that mail sent by prosecuting attorneys or attorney generals amount to legal mail, as they almost always consist of documents in the public record.[42] Moreover, Courts have held that to receive special handling, mail must be marked as special mail with the sender adequately identified on the envelope; otherwise, the mail may be treated as "general correspondence" that can be opened, inspected, and read.[43]

Neither the Records Counsel envelope, nor the envelope from the deputy Attorney General, was marked by the sender in a manner to suggest that it contained privileged contents. Moreover, Mr. Love does not allege facts to support the conclusion that the documents contained inside the envelopes amounted to legal mail. With respect to the attorney letter and other items, Mr. Love does not describe the contents of the document or correspondence, nor does he allege that the communication was confidential in nature. Even if the attorney letter constituted legal mail, one isolated or solitary incident, without evidence of improper motive or resulting interference with an inmate's right to counsel or access to the courts, does not give rise to a constitutional violation.[44]

Mr. Love's proposed amendment regarding the check also does not cure deficiencies that previously led the Court to dismiss his legal mail claim. The Court previously ruled that the check did not constitute legal mail because the envelope enclosing the check was from the County Board of Freeholders, and was not marked in any way to suggest that it was from an attorney or from the

---

[42] *See Boswell v. Mayer*, 169 F.3d 384, 390 (6th Cir. 1999); *Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007).

[43] *Schreane*, 482 F. App'x at 677. *See also Boswell*, 169 F.3d at 390; *Jenkins*, 235 F. App'x at 376.

[44] *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012); *Drake v. Muniak*, No. 13-3868, 2016 WL 1162375, at *5 (D.N.J. Mar. 24, 2016) (internal citations omitted); *McLeod*, 2006 WL 572346, at *4 (internal citations omitted); *Thompson*, 2011 WL 2652185, at *6.

courts.[45] To cure this deficiency, Mr. Love seeks to allege that the check was inside of an envelope marked with a return address from the County of Middlesex and was identified as mail sent from the Middlesex County Prosecutor's Office.[46]  The Court finds that Mr. Love's proposed amendments regarding the check are futile.  Regardless of its origins, neither the check nor the envelope containing it, appear to constitute legal mail, as previously defined by this court.[47] Thus, opening this piece of mail does not support Mr. Love's claims of legal mail tampering, either as an isolated incident or ongoing occurrence.

The deficiencies in Mr. Love's initial complaint remain. His proposed amended complaint is futile, and fails to establish a pattern or practice of legal mail tampering required to state a cognizable claim for relief. An appropriate order follows.

**Order**

**IT IS** on this Monday, June 13, 2016,

**ORDERED** that Plaintiff Lemont Love's amended complaint fails to state a sufficient legal claim and therefore his motion is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/13/2016 4:52:29 PM

---

[45] *Love*, 2016 WL 632226, at *5.

[46] (D.E. 27).

[47] *Love*, 2016 WL 632226, at *4. *See also id.* at *5 n.4.

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

c (via U.S. Mail):

Lemont Love
331321C/670637
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

10