UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

March 7, 2017

### LETTER ORDER- OPINION

Re:   [D.E. 32, Plaintiff's Informal Motion for Reconsideration and
D.E. 34, Plaintiff's Second Motion for Leave to File an Amended Complaint]

Love v. New Jersey Dep't of Corrections, et al.
Civil Action No. 15-cv-3681 (SDW-SCM)

Dear Litigants:

Before the Court are two motions filed by Plaintiff Lemont Love ("Mr. Love"). First is an informal motion requesting that the Court reconsider its Order dated June 13, 2016 denying Mr. Love's motion for leave to file an amended complaint.[1] Second is Mr. Love's second motion for leave to file an amended complaint.[2] Defendants Lieutenant St. Paul, Sergeant Washington, and Commissioner Lanigan (collectively, "Defendants") have opposed both motions.[3] Upon consideration of the papers submitted in support and those in opposition, Mr. Love's informal motion for reconsideration and his second motion for leave to file an amended complaint are both **denied** for the reasons set forth herein.

---

[1] (ECF Docket Entry No. ("D.E.") 32).

[2] (D.E. 34).

[3] (D.E. 33) and (D.E. 36).

I.  Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(i) and must be filed within fourteen (14) days "after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."[4] A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."[5] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[6] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted 'sparingly.'"[7] Motions for reconsideration require the moving party to set forth "concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked…."[8] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[9]

---

[4] L. Civ. R. 7.1(i).

[5] *Id*.

[6] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[7] *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

[8] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

[9] *Gunter v. Township of Lumberton*, No. 07-4839, 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

The issue before the Court is whether Mr. Love's informal motion for reconsideration provides new evidence that was not available when the Court made its initial decision to deny Mr. Love's motion for leave to file an amended complaint.[10] After review of the submissions, it appears that Mr. Love has provided the following additional evidence in support of reconsideration: a copy of a letter received from an attorney who represented Mr. Love in a different matter, and two receipt slips from the prison mailroom staff which allegedly indicate that the attorney letter, and an envelope marked with a return address from a Deputy Attorney General, were identified as incoming legal mail.[11]

Mr. Love alleges that these items constituted legal mail, and that Lt. St. Paul, and other correctional officers, read the attorney letter and the items contained within the Deputy Attorney General's envelope without permission or cause.[12] However, isolated incidents of opening legal mail, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.[13] While the Court is sympathetic to Mr. Love's concerns to not have properly marked legal correspondences read, he has still failed to allege facts sufficient to support a pattern or practice of legal mail tampering.[14] Accordingly, Mr.

---

[10] Mr. Love has not raised any arguments that would prompt questions of an intervening change in the controlling law nor any clear error of law or fact presented in his request for reconsideration.

[11] (D.E. 32, Exhibits A, B and C).

[12] *See generally* (D.E. 32).

[13] *See Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *6 (D.N.J. July 6, 2011) (additional citations omitted).

[14] *Id.* (finding a pattern or practice of improperly handling legal mail where plaintiff submitted

3

Love's informal motion for reconsideration is denied on its merits.

II.     Second Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave of court to amend pleadings "shall be freely given as justice so requires."[15] Whether to allow such amendments is within the discretion of the court.[16] Although the Federal Rules require that amendments be freely given, it is appropriate to deny such a request when the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment."[17]

Presently, Mr. Love moved to amend his complaint over one year after the Court granted Defendants' motions to dismiss his initial complaint and closed this case.[18] His second proposed amended complaint seeks to add new defendants and factual allegations in support of a claim for

---

evidence of ten separate occasions where his clearly marked legal mail was opened in a time span of three months); *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), abrogated on other grounds by *Lewis v. Casey,* 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996) (finding a pattern or practice where plaintiff's complaint alleged fifteen occasions where legal mail was opened outside his presence and supplied evidence documenting five instances in which incoming court mail was opened in a three month period).

[15] Fed. R. Civ. P. 15(a).

[16] *See Lorenz v. CSX Corporation,* 1 F.3d 1406, 1413–14 (3d Cir. 1993) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

[17] *See id.* (internal citations and quotations omitted).

[18] (D.E. 26).

malicious prosecution that appears unrelated to this case.[19] Allowing Mr. Love's proposed amendments, at this juncture, would place an unwarranted burden on the court and would unduly prejudice the non-moving party.[20] The deficiencies in Mr. Love's initial complaint remain. Neither his request for reconsideration nor his second proposed amended complaint allege facts sufficient to support a pattern or practice of legal mail tampering.

An appropriate Order follows:

## ORDER

**IT IS** on this Tuesday, March 07, 2017,

1. **ORDERED** that Plaintiff Lemont Love's informal motion for reconsideration is **DENIED** on the merits; and it is further

2. **ORDERED** that Plaintiff Lemont Love's second motion for leave to file an amended complaint, if allowed, would result in undue prejudice to the opposing party, and therefore is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/7/2017 9:15:11 AM

---

[19] *See generally* (D.E. 34).

[20] *See Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3d Cir. 1984), *cert denied,* 469 U.S. 1122, 105 S. Ct. 806, 83 L.Ed.2d 799 (1985) (denial on the basis of delay is appropriate when delay places an unwarranted burden on the court or on the opposing party).

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

c (via U.S. Mail):

Lemont Love
331321C/670637
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065