UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 1, 2017

Lemont Love
331321C/670637
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
*Pro Se Plaintiff*

Benjamin H. Zieman, Esq.
Christopher J. Kelly, Esq.
Christopher J. Riggs, Esq.
State of New Jersey
Office of the Attorney General
Department of Law and Public Safety
25 Market Street
P.O. Box 116
Trenton, NJ 08625
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Love v. New Jersey Department of Corrections, et al.
Civil Action No. 15-3681 (SDW) (SCM)**

Litigants:

    Before this Court is Plaintiff Lemont Love's ("Plaintiff" or "Love") "Motion for Leave to File an Objection" to Magistrate Judge Steven C. Mannion's March 7, 2017 Letter Opinion and Order ("March 7th Decision") denying Plaintiff's motion for reconsideration and his second motion for leave to file an amended complaint. (ECF Docket Entry Nos. 38, 39.) This Court treats Plaintiff's filing as an appeal of Magistrate Judge Mannion's decision.

    This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, affirms the Magistrate Judge's decision.

**DISCUSSION**

    A. <u>Standard of Review for Appeal of Magistrate Judge's Order</u>

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

    B. <u>The Magistrate Judge's March 7, 2017 Order is Neither Clearly Erroneous Nor Contrary to Law</u>

The March 7th Decision properly stated the standard of review for a motion for reconsideration and found that Plaintiff had failed to cite a change of law, present evidence of mail tampering that was not available when the Magistrate Judge rendered his initial decision, or identify a clear error of law or fact. (ECF Dkt. Entry No. 38 at 3.) Therefore, Magistrate Judge Mannion properly denied Plaintiff's motion for reconsideration. This Court does not find that the Magistrate Judge's decision was clearly erroneous or contrary to law, and will, therefore, affirm his ruling.

As for Plaintiff's second motion to amend his complaint, Federal Rule of Civil Procedure 15(a) provides that leave to amend shall "be freely given as justice so requires." Here, Magistrate Judge Mannion found that Plaintiff's request to amend his complaint was made "over one year after the Court granted Defendants' motions to dismiss his initial complaint and closed this case" and that Plaintiff was seeking to "add new defendants and factual allegations in support of a claim for malicious prosecution that appears unrelated to this case." (ECF Dkt. Entry No. 38 at 4-5.) On that basis, Magistrate Judge Mannion held that amendment would be unduly prejudicial to Defendants. *Id.* This Court agrees and will affirm Magistrate Judge Mannion's denial of Plaintiff's second motion to amend.

## **CONCLUSION**

For the reasons set forth above, Magistrate Judge Mannion's March 7, 2017 Letter Opinion is **AFFIRMED**. An appropriate order follows.

                                                         ___/s/ Susan D. Wigenton_____
                                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.